IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE LESTER HARRIS,             )
a/k/a JORGE HARRIS                )
   Petitioner,     )  Civil Action No. 17-143 Erie
                                  )
  v.                    )
                                  )  Magistrate Judge Susan Paradise Baxter
                                  )
MICHAEL R. CLARK, et al.,         )
   Respondents.    )

## OPINION[1]

  Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner George Lester Harris, Jr., (the "Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 1). He challenges the January 11, 2017, decision made by the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

## I.

### A. Relevant Background

  On February 1, 2001, the Petitioner was sentenced in the Court of Common Pleas of Allegheny County to an aggregate term of imprisonment of 13 years, 6 months to 27 years for committing the crimes of Aggravated Assault and Violation of the Uniform Firearms Act. The Pennsylvania Department of Corrections ("DOC") calculated his minimum sentence date to be June 4, 2011, and his maximum sentence date to be December 4, 2024. After the expiration of his minimum sentence date, the Board granted the Petitioner parole and he was released in June 2013.

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

In January 2015, the Petitioner failed to report to his parole agent and a check of his residence revealed that he was not living at his approved address. As a result, the Board declared the Petitioner delinquent. On January 19, 2015, the Petitioner was arrested in Meadville, Pennsylvania, and charged with Possession of a Controlled Substance, False Report to Law Enforcement, and additional charges. That same month, he was charged with Simple Assault and Harassment for a fight that occurred while he was incarcerated in the Crawford County Jail. In February 2015, the Board notified the Petitioner that he was detained pending disposition of is criminal charges and that it recommitted him as a technical parole violator for six months for leaving the district without permission, failure to report as instructed, and failure to be at his approved residence during curfew hours.

On May 8, 2015, the Court of Common Pleas of Crawford County imposed a judgment of sentence upon the Petitioner of 109 days to 12 months for committing the crimes for which he was arrested in January of that year. As a result of his new judgments of sentences, in August 2015 the Board recommitted the Petitioner as a convicted parole violator to serve 9 months of backtime. His parole violation maximum sentence date was recalculated to be March 28, 2025.

In December 2015, the Board denied the Petitioner reparole. On January 11, 2017, it denied him reparole again, and it is that decision that is at issue in this proceeding. On that date, the Board informed the Petitioner that:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, [the Board] in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your minimization of the nature and circumstances of the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.

Your failure to develop a parole release plan.

(Resps' Ex. L). The Board also advised the Petitioner that he will be reviewed again for parole in or after December 2017 and that at his next review it would consider his compliance with DOC ordered mental health services and whether he maintained a favorable recommendation for parole from the DOC and a clear conduct record. (Id.)

In this federal habeas case, the Petitioner challenges the Board's decision to deny him parole. This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, which provides that habeas relief is only available on the grounds that the Petitioner is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). The Petitioner claims that the Board's explanations as to why he was not released to parole are pretext and that he was actually denied parole because he previously brought a civil action against DOC officials and employees and eventually negotiated a settlement.[2] He also claims the Board's decision violated the Due Process Clause and his rights under the Eighth Amendment.

Respondents have filed their answer (ECF No. 3), in which they contend, *inter alia*, that the Petitioner's claims have no merit. The Petitioner, who is represented by counsel, did not file a reply. LCvR 2254.E.2 ("Although not required, the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Answer.")

**B.** **Discussion**

    **(1)** **The Exhaustion Requirement**

---

[2] The Petitioner is currently litigating another action in this Court at 1:16-cv-38 under 42 U.S.C. § 1983 against various prison officials and employees of SCI Albion for retaliation and violations of the Americans with Disabilities Act, the Rehabilitation Act, and his Eighth and Fourteenth Amendments rights.

The federal habeas statute typically "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held in 2005 that aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. See also Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy.") Therefore, the Petitioner may be exempt from the exhaustion requirement with respect to all of his claims. However, because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" and since the Petitioner's claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to his claims. Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).[3]

**(2)     The Petitioner's Claims Have No Merit**

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The Petitioner alleges that the Board

---

[3]        The Respondents note that the Board routinely defends challenges to parole refusals filed by Pennsylvania inmates in the Commonwealth Court of Pennsylvania for claims other than *ex post facto* claims. Because Defoy is controlling Third Circuit precedent, the Respondents explain, they will not challenge that holding in this Court. However, they preserve the issue of exhaustion in the event that there is appellate review and state that the Petitioner's claims should be dismissed because he did not present them to the Pennsylvania state courts before filing his federal habeas petition.

violated his substantive due process rights. To prevail on a substantive due process challenge to the Board's decision, the Petitioner must establish that the decision shocks the conscience. See, e.g., Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010); Evans v. Sec'y, Pa. Dept. of Corr., 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Id. (internal quotations and citations omitted). See also Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

The Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its most recent decision, the Board denied the Petitioner parole after an interview and a review of his file. The Board listed numerous reasons for why it denied parole and although the Petitioner disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

The Petitioner alleges that he was denied parole in retaliation for having filed a civil rights lawsuit against DOC officials and employees in which he negotiated a settlement. To prevail on a retaliation claim, the Petitioner must show that he engaged in constitutionally-protected activity and that he suffered, at the hands of the Board, adverse action. See, e.g., Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (citing, *inter alia*, Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Once these two threshold criteria are met, the Petitioner must then show that the protected activity was "a substantial or

motivating factor" in the Board's decision to deny him parole.[4] Id. (quoting Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)). As the Respondents point out, the Petitioner does not address, let alone establish, how his earlier litigation against prison officials and employees was a "substantial or motivating factor" in the Board's decision to denying him parole. It is the Petitioner's burden to demonstrate that his constitutional right has been violated and that he is entitled to the writ of habeas corpus, see, e.g., Cullen v. Pinholster, 563 U.S. 170, 181 (2011), and he did not meet his burden here.

Finally, the Petitioner's Eighth Amendment claim also has no merit. He has no right to be released before the expiration of his valid prison sentence, Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979), and the Board's decision to deny him release to parole does not constitute cruel and unusual punishment. See Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment).

## C.      Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of the Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

---

[4]      If the Petitioner had established a prima facie case, which he did not, the burden would then have shifted to the Respondents to prove by a preponderance of the evidence that Board would have taken the same action even in the absence of the protected activity. Rauser, 241 F.3d at 233 (citing Mount Healthy, 429 U.S. at 287).

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied.

An appropriate Order is attached.

/s/ Susan Paradise Baxter
Dated: October 18, 2017          SUSAN PARADISE BAXTER
                                 United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE LESTER HARRIS,          )
a/k/a JORGE HARRIS             )
      Petitioner,          )          Civil Action No. 17-143 Erie
                   )
      v.                     )
                   )          Magistrate Judge Susan Paradise Baxter
                   )
MICHAEL R. CLARK, et al.,       )
      Respondents.          )

## **ORDER**

      AND NOW, this 18th day of October, 2017, IT IS HEREBY ORDERED that the petition for a

writ of habeas corpus is DENIED and a certificate of appealability is DENIED on all claims.

      The Clerk of Court shall mark this case CLOSED.

                     /s/ Susan Paradise Baxter
                     SUSAN PARADISE BAXTER
                     United States Magistrate Judge